**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 17, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10836
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MENG TUAN WANG,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-21-2-A
---------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

Meng Tuan Wang appeals from his guilty-plea conviction for conspiracy to possess with intent to distribute approximately 1,000 doses of MDMA. He argues that the district court's denial of an adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), constituted error because the denial was based on his failure to admit to relevant conduct. As examination of the record indicates that there was a sufficient basis for the district court's denial of the adjustment for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acceptance of responsibility, that denial did not constitute reversible error. See United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002).

Wang contends that the hearsay statements of his codefendant was insufficiently reliable to be utilized to determine the quantity of MDMA for which he was accountable. As Wang has failed to show that the challenged hearsay statements were unreliable, the district court's determination of drug quantity was not clearly erroneous. See United States v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993); United States v. Chavez, 947 F.2d 742, 746-47 (5th Cir. 1991).

Wang also asserts that he was deprived of his due process rights when the district court refused to allow him to call the probation officer as a witness during the sentencing hearing. As the information sought to be introduced from the probation officer was available from law enforcement agents, one of whom was questioned extensively at the sentencing hearing regarding that information, any error was harmless. See United States v. Davidson, 984 F.2d 651, 657 n.11 (5th Cir. 1993).

Accordingly, the district court's judgment of conviction is AFFIRMED.