United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 03-10836

Summary Calendar

)))))))))))))))))))))))))))

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MENG TUAN WANG,

                                        Defendant-Appellant,

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-21-2-A

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

I.   Background

Wang pleaded guilty to conspiracy to possess with the intent
to distribute approximately 1,000 doses of MDMA, and was sentenced
to one-hundred months of imprisonment and five years of supervised
release.  This Court affirmed Wang's judgment of conviction.  United
States v. Wang, 89 F. App'x. 470 (5th Cir. 2004).  The Supreme Court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vacated this court's judgment and remanded the case for further consideration in light of United States v. Booker, 125 S.Ct. 738 (2005). Wang v. United States, 125 S.Ct. 1614 (2005). We requested and received supplemental letter briefs addressing the impact of Booker, 125 S.Ct. 738, and United States v. Mares, 402 F.3d 511 (5th Cir. 2005).

In Booker, the Supreme Court emphasized that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756. Wang argued that the district court violated his Sixth Amendment rights as outlined in Booker by enhancing his sentence based on an additional quantity of MDMA that was not alleged in the indictment, but attributed to his relevant conduct. Wang did not concede liability for that additional quantity of MDMA in his guilty plea. More importantly, Wang objected to the second addendum to the Presentence Investigation Report ("PSR") on the ground that "the relevant conduct alleged therein must be proven by clear and convincing evidence" because inclusion of that relevant conduct would have an "extremely disproportionate effect" upon his sentence. In response, the Probation Officer asserted that a defendant must show factual findings in the PSR implausible in light of the record as a whole. Using the preponderance of the evidence standard, the

district court specifically found that Wang was responsible for the additional amount of MDMA, which increased his total offense level from 26 to 30. Wang challenges this offense level enhancement.

Ultimately, this case turns on whether Wang properly preserved his Booker argument in the district court. If the error was not preserved, we review the appellant's sentence for plain error. See Mares, 402 F.3d 511. If the error was preserved, we review his sentence for harmless error. Mares, 402 F.3d 511, 520 n.9 ("...if either the Sixth Amendment issue presented in Booker or the issue presented in Fanfan is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure."); see also United States v. Olano, 113 S.Ct. 1770, 1778(1993).

II. Analysis

### Preservation of Error

Wang contends that his objection regarding the applicable standard upon which to apply the guideline enhancements was sufficient to preserve error. The Government, on the other hand, argues that error was not preserved because defendants routinely argue for a higher standard of proof without also making a case for a jury-determination beyond a reasonable doubt.

Wang did not, however, fail to preserve his Booker challenge to the district court's enhancement of his sentence. An objection

preserves error if it "was specific enough to allow the trial court to take testimony, receive argument, or otherwise explore the issue raised." United States v. Burton, 126 F.3d 666, 673 (5th Cir 1997). The major rationale behind requiring litigants to make timely objections in an effort to avoid forfeiture of rights is "founded upon considerations of fairness to the court and to the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact." United States v. Ocana, 204 F.3d 585, 589 (5th Cir. 2000)(quoting United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994)). Hence, to preserve error, the objection must be sufficiently specific to alert the district court as to the nature of the objection and allow the court to correct the perceived error at that level. See Ocana, 204 F.3d at 589.

Wang's objection that the relevant conduct alleged by the Probation Officer must be proven by clear and convincing evidence, rather than the preponderance of the evidence, was tantamount to stating that the district court's standard violated his Sixth Amendment rights. Thus, his objection was sufficient to preserve error. Wang's written objection not only notified the court of his disagreement with the proposed standard, but also gave the district court the opportunity to address the appropriateness of the standard. Furthermore, the objection elicited a response in opposition from the Probation Officer. Finally, the district court

specifically applied the preponderance of the evidence standard. Wang's objections thus adequately apprised the district court that he was raising a Sixth Amendment objection to the appropriateness of the proposed standard for guideline enhancements.

## Harmless Error

There is no question that the district court committed Sixth Amendment <u>Booker</u> error by enhancing Wang's sentence pursuant to its finding that he was responsible for a greater quantity of drugs than that which was alleged in his indictment or conceded in his guilty plea. <u>See</u> <u>Booker</u>, 125 S.Ct. at 738. Because we hold that Wang preserved his <u>Booker</u> challenge to the district court's enhancement of his sentence, we review his sentence for harmless error. <u>Olano</u>, 113 S.Ct. 1770, 1778. <u>See</u> <u>also</u> <u>Mares</u>, 402 F.3d at 520 n.9.

Harmless error is "[a]ny defect, irregularity, or variance that does not affect [the] substantial rights" of the defendant. FED. R. CRIM. P. 52(a). An error afflicts the defendant's substantial rights, and thus is prejudicial, "if it affects the outcome of the district court proceedings." <u>United States v. Pineiro</u>, 410 F.3d 282, 285 (5th Cir. 2005)(citing <u>Olano</u>, 113 S.Ct. 1770(1993)). Hence, to show harmlessness, the government bears the burden of demonstrating beyond a reasonable doubt that the federal constitutional error of which a defendant complains did not contribute to the sentence that he received. <u>United States v. Akpan</u>, 407 F.3d 360, 377 (5th Cir. 2005).

The government cannot meet this arduous burden here.  It can point to no record evidence that would prove beyond a reasonable doubt that the district court would not have sentenced Wang differently had it acted under an advisory Guidelines regime.  There is no indication from the record as to what sentence the district court would have imposed if the Federal Sentencing Guidelines were advisory rather than mandatory.  Therefore, based on the record before us, we cannot conclude that the mandatory nature of the Guidelines at the time of Wang's sentence did not contribute to the sentence that he received.  Accordingly, we VACATE Wang's sentence and REMAND for resentencing.

VACATED and REMANDED.